**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AVON C. QUIERO, Jr., | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-14-225 |
| v. | (JUDGE CAPUTO) |
| OFFICER MUNIZ, CAPTAIN MICHAEL L. OTT, and WARDEN ROBERT J. KARNES, | (MAGISTRATE JUDGE MEHALCHICK) |
| Defendants. | |

## **MEMORANDUM ORDER**

Before me is Plaintiff Avon C. Quiero, Jr.'s Objection (Doc. 29) to Magistrate Judge Mehalchick's Report and Recommendation ("R and R") (Doc. 28) regarding his *pro se* prisoner complaint seeking compensatory and punitive damages pursuant to 42 U.S.C. § 1983 (Doc. 1). As stated in the R and R, Mr. Quiero alleges the following seven (7) constitutional tort claims arising out of his pre-trial[1] detention at Lebanon County Correctional Facility ("LCCF"): that Officer Daniel Muniz sexually harassed him in violation

---

[1] As addressed in the R and R (Doc. 28. 7-8 n.6.), Mr. Quiero fails to specifically allege that he was a pre-trial detainee in his complaint, however, his status as such was addressed both in his brief in opposition to the motion to dismiss (Doc. 19, 3.) and in his objection. (Doc. 29, 1.) Mr. Quiero alleges violation of his Eighth Amendment rights in several of his claims, however, a pre-trial detainee's claims are evaluated under the test applicable to Fourteenth Amendment Due Process Clause claims" and "[g]enerally, 'the Due Process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Brown v. Hamilton Police Dep't,* No. CIV.A. 13-260 MAS, 2013 WL 3189040 (D.N.J. June 21, 2013) aff'd sub nom. *Brown v. Hamilton Twp. Police Dep't Mercer Cty., N.J.*, 547 F. App'x 96 (3d Cir. 2013) (citing *Reynolds v. Wagner,* 128 F.3d 166, 173 (3d Cir.1997)); *see also Bell v. Wolfish*, 441 U.S. 520, 535-37, 99 S. Ct. 1861, 1872-73, 60 L. Ed. 2d 447 (1979) ("the Government . . . may detain [a pretrial detainee] to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution," because a pre-trial detainee has not been adjudged guilty.). Therefore, Magistrate Judge Mehalchick evaluated Mr. Quiero's purported Eighth Amendment violations under the Fourteenth Amendment due process clause pursuant to the Third Circuit's directive. *See Stevenson v. Carroll,* 495 F. 3d 62, 68 (3d Cir. 2007); *Hubbard v. Taylor*, 399 F. 3d 150, 159-69 (3d Cir. 2005) (citations omitted).

of the Fourteenth Amendment; that Officer Muniz subjected him to constitutionally insufficient conditions of confinement under the Fourteenth Amendment where he did not provide Mr. Quiero with a replacement bed sheet after Mr. Quiero refused to sleep with a bed sheet covered with obscene phrases and images; that Captain Michael L. Ott retaliated against Mr. Quiero in violation of the First Amendment and sent him to the Restricted Housing Unit ("RHU") based on the filing of a grievance against Officer Muniz; that Captain Ott violated Mr. Quiero's right to due process under the Fourteenth Amendment by denying Mr. Quiero access to grievance forms and not allowing him a hearing to challenge his placement in the RHU; that Captain Ott violated Mr. Quiero's First Amendment right to freely exercise his religious beliefs by denying him access to religious services while in the RHU; that Captain Ott violated Mr. Quiero's right to due process under the Fourteenth Amendment by requiring him to wear the red RHU jumpsuit to his bail hearing; and that Warden Robert J. Karnes is liable for each of the above based on his supervisory role as warden of LCCF. (Doc. 1) Defendants filed a motion to dismiss Mr. Quiero's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12)

The matter was referred to Magistrate Judge Mehalchick and she recommends the following: that Defendants' motion to dismiss be granted in part and denied in part; that Mr. Quiero's claims against Officer Muniz be dismissed with prejudice pursuant to Rule 12(b)(6), and that the Clerk's office be directed to terminate Officer Muniz from the case; that Mr. Quiero's excessive bail claim against Captain Ott be dismissed with prejudice; that Mr. Quiero's claims against Warden Karnes be dismissed without prejudice; that Defendants' motion to dismiss be denied with respect to Mr. Quiero's remaining claims against Captain Ott; and that Mr. Quiero be given thirty (30) days to amend his complaint in accordance with the preceding recommendations. (Doc. 28, 18-19.) Mr. Quiero filed a timely objection[2] to

---

[2] Although the objection is noted as filed on August 24, 2015, Mr. Quiero receives the benefit of the "prison mailbox rule." *Spencer v. Beard*, 351 F. App'x 589, 590 (3d Cir. 2009) (citing *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)), and [u]nder that rule, the date of filing occurs when a prisoner transmits documents to prison

Magistrate Judge Mehalchick's recommendation that Mr. Quiero's claims against Officer Muniz be dismissed with prejudice.[3]

## I. Legal Standards

### a. Objection to Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

---

authorities for mailing." *Spencer,* 351 F. App'x at 590 (citing *Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003)). Because Mr. Quiero's certificate of service (Doc. 29, 3.) is dated August 19, 2015, his objection was timely filed one day before the deadline of August 20, 2015.

[3] Plaintiff titles his objection "Objection Motion for Reconsideration." (Doc. 30) I will construe Plaintiff's filing as an objection to the Magistrate Judge Mehalchick's R and R as he alludes to the statutory reference addressing the filing of objections to a R and R in his opening paragraph. (*Id.* at 1.)*; see* 28 U.S.C. § 636(B)(1).

### b. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### c. Section 1983

Mr. Quiero brings his claims pursuant to 42 U.S.C. § 1983, which provides that every person who, under color of state law, subjects any citizen of the United States to the deprivation of any federal right shall be liable to the party injured. In order to state a claim under this statute, Plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

## II. Discussion

Mr. Quiero objects only to Magistrate Judge Mehalchick's recommendation regarding Officer Muniz, and upon review of the remainder of the R and R, I find no clear error or manifest injustice. Therefore, Magistrate Judge Mehalchick's recommendations regarding Mr. Quiero's excessive bail claim, claims against Warden Karnes, claims against Captain

Ott and leave to amend will be adopted. Mr. Quiero will be permitted leave to file an amended complaint that is complete in all respects and stands on its own without reference to the original complaint as set forth in the R and R. (Doc. 28, 17-18.) Additionally, Mr. Quiero only specifically objects to the recommended dismissal with prejudice of his claim against Officer Muniz for sexual harassment and fails to object to Magistrate Judge Mehalchick's recommendation that Mr. Quiero's claim against Officer Muniz based on alleged constitutionally inadequate conditions of confinement also be dismissed with prejudice. (Doc. 29, 1.) Therefore, upon review, the recommendation regarding Mr. Quiero's conditions of confinement claim against Officer Muniz will be adopted and the claim will be dismissed with prejudice.  An appropriate order follows.

Turning to Mr. Quiero's objection, he asks that Officer Muniz be reinstated as a defendant with regard to Mr. Quiero's sexual harassment claim because he "submits that he was harmed as evidenced by medical documents obtained during discovery from Defendants."[4] (Doc. 29, 1-2.) Mr. Quiero purportedly attached, as "Exhibit A", to his Objection, an LCCF medical report. (*Id.* at 4.)  Mr. Quiero avers this attachment evidences he was "diagnosed with 'Moderate PTSD' as a direct result of the incident" and "was prescribed Zoloft to address said PTSD."(*Id.* at 2.) My review is *de novo*, therefore, in considering a motion to dismiss, I am to consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar.,* 998 F.2d at 1196. The medical report is not a matter of public record. Mr. Quiero did not attach the purported medical report to his complaint, nor is the document relied on in his complaint. Additionally, the document was not attached to Defendants' Motion to Dismiss. The medical report was not before Magistrate Judge Mehalchick and I will not now consider the medical report.

I will adopt the recommendation of Magistrate Judge Mehalchick and dismiss Mr.

---

[4] On March 18, 2015, I issued an order staying discovery in the above-captioned case pending the outcome of Defendants' motion to dismiss. (Doc. 27)

Queiro's claim against Officer Muniz with prejudice for the following reasons.

The facts of this case are set forth more fully in Magistrate Judge Mehalchick's R and R. However, relevant to this memorandum, Mr. Quiero alleges that on October 22, 2013, Officer Muniz provided him with a bed sheet that was covered in explicit images and phrases drawn in permanent marker. (Doc. 1, 5.) Mr. Quiero showed Officer Muniz the offensive sheet and asked for a replacement. Officer Muniz declined to give Mr. Quiero a replacement sheet after several requests. (*Id.*) Mr. Quiero told Officer Muniz he felt sexually harassed and offended but Officer Muniz simply responded that Mr. Queiro was to take the sheet or nothing at all. (*Id.*) Upon inquiring if he was being ordered to use the sheet, Officer Muniz responded to Mr. Quiero by saying "if you want a sheet." (*Id.*) Mr. Quiero repeated that he felt sexually harassed and offended and gave the sheet to Officer Muniz to which Officer Muniz responded "so." (*Id.*)  Mr. Quiero contends Officer Muniz's conduct was a violation of his "Eighth Amendment right against cruel and unusual punishment by intentionally subjecting [him[ to unnecessary emotional, [psychological] and physical pain."[5] (Doc. 1, 3.)

The Third Circuit has not yet ruled on sexual harassment claims by pre-trial detainees, however, other circuit courts that have considered sexual harassment in the prison context claims agree that "[t]o prevail on a constitutional claim of sexual harassment, an inmate must ... prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Manon v. Garrison*, No. 1:CV-12-0844, 2012 WL 3542328, at *2 (M.D. Pa. Aug. 15, 2012) (quoting *Freitas v. Ault,* 109 F.3d 1335, 1338 (8th Cir.1997)). Further, "Courts of Appeals have held that sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction." *Manon*, 2012 WL 3542328, at *2 (citations omitted); *see also Chambliss v. Jones*, No. CIV.A. 3:14-2435,

---

[5] As stated, Mr. Quiero's Eighth Amendment claims are evaluated under the Fourteenth Amendment due process clause.

7

2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015) (collecting cases).

In support of his objection, Mr. Quiero cites to *Brown v. Hamilton Police Dep't,* No. CIV.A. 13-260 MAS, 2013 WL 3189040 (D.N.J. June 21, 2013) aff'd sub nom. *Brown v. Hamilton Twp. Police Dep't Mercer Cty., N.J.*, 547 F. App'x 96 (3d Cir. 2013). The court in *Brown* stated that "[a]llegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner." *Id.* at *2 (citations omitted). Mr. Quiero alleges he was injured in his complaint by the actions of Officer Muniz, but fails to allege contact or any type of touching by Officer Muniz. As discussed above, some allegation of contact is required to have a cognizable claim for sexual harassment. Mr. Quiero has failed to state a cognizable claim against Officer Muniz for sexual harassment under Section 1983 and granting leave to amend would be futile. I agree with Magistrate Judge Mehalchick and will adopt her recommendation to dismiss the claim with prejudice. Additionally, because there are no remaining claims against Officer Muniz and Mr. Quiero will not be granted leave to file an amended complaint with regard to claims against Officer Muniz, I will also direct the clerk to terminate Officer Muniz from this action.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge Mehalchick's Report and Recommendation (Doc. 28) is **ADOPTED**;

(2) Avon C. Quiero, Jr.'s Objection (Doc. 29) is **OVERRULED;**

(3) Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 12) is **GRANTED in part** and **DENIED in part;**

    (a) Defendants' motion to dismiss Avon C. Quiero's claims against Officer Muniz is **GRANTED** and the claims are **DISMISSED with PREJUDICE;**

    (b) Defendants' motion to dismiss Avon C. Quiero's claims against Captain Ott for excessive bail is **GRANTED** and the claim is **DISMISSED with PREJUDICE;**

    (b) Defendants' motion to dismiss Avon C. Quiero's claims against Warden Robert F. Karnes is **GRANTED** and the claims are **DISMISSED without PREJUDICE;**

    (c) Defendants' motion to dismiss Avon C. Quiero's remaining claims is **DENIED;**

(4) Avon C. Quiero is permitted thirty (30) days to file an amended complaint against the remaining Defendants in accordance with the foregoing and Rule 8(d)(1) of the Federal Rules of Civil Procedure;

(5) The Clerk of Court is directed to terminate Defendant Officer Muniz; and

(6) The matter is remanded to Magistrate Judge Mehalchick for further proceedings.

February 16, 2016               /s/ A. Richard Caputo
Date                      A. Richard Caputo
                       United States District Judge