**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AVON C. QUIERO, JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:14-CV-00225 |
| v. | (CAPUTO, J.) |
| | (MEHALCHICK, M.J.) |
| OFFICER MUNIZ, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action for damages initiated upon the filing of the original complaint in this matter by Plaintiff Avon Quiero on February 10, 2014. (Doc. 1). Quiero is an inmate currently incarcerated at the State Correctional Institution-Dallas ("SCI-Dallas") in Luzerne County, Pennsylvania. Now pending before the Court is a motion to dismiss Quiero's amended complaint, filed by the two remaining Defendants in this matter: Lebanon County Correctional Facility ("LCCF") Captain Michael Ott and Warden Robert Karnes. (Doc. 37). For the reasons stated below, it is recommended that the motion be granted in part and denied in part.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Quiero's claims stem from his detention at LCCF in October and November of 2013 while awaiting trial. On the evening of October 22, 2013, Quiero was issued a bedsheet by

Officer Muniz that was covered with obscene phrases and images of male genitalia. (Doc. 1, at 2, 3, 5).[1] After his request for a replacement bedsheet was denied, Quiero filed grievances to complain about the incident. (Doc. 1, at 5-6). Less than twelve hours after filing a grievance, Quiero was placed in the Restricted Housing Unit ("RHU"). (Doc. 36, at 1). Quiero alleges that he was sent to the RHU in retaliation for his grievance against Muniz, and that "Warden Karnes was aware of and acquiesced to [Quiero] being placed in the RHU . . . ." (Doc. 36, at 1). Quiero allegedly remained in the RHU for approximately two weeks without a hearing, from October 28, 2013 through November 8, 2013. (Doc. 36, at 1-2). He alleges that Warden Karnes ignored or denied Quiero's repeated requests for relief while housed in the RHU, and that Karnes enforces a policy of placing inmates in the RHU without affording them any form of pre-detention hearing. (Doc. 36, at 1). Furthermore, Quiero asserts that he was denied the ability to freely exercise his Christian faith while in the RHU because he was not permitted access to bible studies, church services, and chaplains, as per a policy instituted by Karnes. (Doc. 36, at 1).

The original complaint in this matter was filed on February 10, 2014, in which Quiero alleged violations of his federal civil rights under 42 U.S.C. § 1983 against Defendants Officer Daniel Muniz, Captain Michael Ott, and Warden Robert Karnes. (Doc. 1). Defendants filed a joint motion to dismiss Quiero's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 14, 2014. (Doc. 12). After briefing, the undersigned United

---

[1] Quiero omits from his amended complaint many of the facts and background information he previously alleged in his initial complaint. (Doc. 1; Doc. 36). Accordingly, the Court cites to the initial complaint, for the purposes of this background section only, as necessary to fill in the gaps in Quiero's amended complaint.

States Magistrate Judge recommended that: all claims against Muniz be dismissed with prejudice and that he be terminated from the case; Quiero's Eighth Amendment excessive bail claim against Ott be dismissed with prejudice but that Quiero be allowed to proceed as to his retaliation, due process, and free exercise of religion claims against this Defendant; and that Quiero's claims against Karnes under the theory of supervisory liability be dismissed without prejudice for lack of personal involvement. (Doc. 28). On February 17, 2016, the District Court adopted the undersigned Magistrate Judge's Report and Recommendation, granted Defendants' motion to dismiss in part and denied it in part, and permitted Quiero to file an amended complaint. (Doc. 34).

Quiero filed the instant two-page amended complaint on March 21, 2016, in which he solely reasserts supervisory liability claims against Karnes. (Doc. 36). Defendants filed a motion to dismiss Quiero's amended complaint on March 29, 2016 (Doc. 37), along with a brief in support thereof (Doc. 38). Defendants argue that: Quiero's skeletal amended complaint should be dismissed in its entirety because it contains insufficient factual allegations; his pre-deprivation due process claim fails as a matter of law; his retaliation and post-deprivation due process claims fail for insufficient factual allegations of personal involvement; and his request for a specific sum of damages be stricken for violating Local Rule 8.1. (Doc. 37; Doc. 38). This motion has been fully briefed and is now ripe for disposition. (Doc. 39; Doc. 40; Doc. 43).[2]

---

[2] Also pending before this Court is Quiero's motion requesting the Court to order Defendants' compliance with his discovery requests. (Doc. 41). This motion is addressed in an Order filed concurrently with this Report and Recommendation.

II. **MOTION TO DISMISS STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although a court must accept the fact allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, this Court is guided by the Supreme Court's instruction that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. DISCUSSION

#### A. RULE 8 PLEADING STANDARDS

Defendants allege that Quiero's amended complaint should be dismissed in its entirety for running afoul of the pleading standards established in Rule 8 of the Federal Rules of Civil Procedure because his bare-bones amended complaint contains insufficient factual allegations. (Doc. 38, at 3-5). The Court acknowledges that the instant pleading is meager at best, but nonetheless finds dismissal of the amended complaint in its entirety on Rule 8 grounds to be inappropriate at this juncture. The Court notes its obligation to construe this pleading in the light most favorable to Quiero, a *pro se* prisoner, and in a manner "so as to do justice." Fed. R. Civ. P. 8(e); *see also U.S.* ex rel. *Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 (3d Cir. 1979). In considering these principles, the Court finds that the limited allegations contained in the amended complaint are sufficient to give Defendants notice of the claims alleged and permit them to respond without risking prejudice, particularly given that Defendants were previously served Quiero's initial complaint, which more fully set forth the background for these same claims. Accordingly, the Court will instead assess the sufficiency of Quiero's factual allegations on a claim-by-claim basis rather than dismissing the amended complaint in its entirety at the outset of this Report and Recommendation.

B.  SUPERVISORY LIABILITY § 1983 CLAIMS AGAINST WARDEN KARNES

Quiero's amended complaint consists of three claims against Warden Karnes brought pursuant to 42 U.S.C. § 1983. (Doc. 36, at 1). Section 1983 provides a private cause of action with respect to violations of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a § 1983 claim, a plaintiff must demonstrate that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). "A defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode,* 845 F.2d at 1207. Moreover, "[a] defendant . . . cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Here, Quiero asserts that Karnes is liable for depriving him of the following constitutional rights: the First Amendment right to be free from retaliation; the Fourteenth

6

Amendment right to due process; and the First Amendment right to freely exercise one's religious beliefs. (Doc. 36, at 1). Specifically, Quiero alleges that Karnes is responsible for these purported constitutional violations under the theory of supervisory liability. (Doc. 36, at 1-2). The United States Court of Appeals for the Third Circuit has noted that "'[t]here are two theories of supervisory liability,' one under which supervisors can be liable if they 'established and maintained a policy, practice or custom which directly caused [the] constitutional harm,' and another under which they can be liable if they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. v. Luzerne Cnty. Juvenile Det. Ctr.,* 372 F.3d 572, 586 (3d Cir. 2004) (alterations in original)). Defendants contend that Quiero fails to establish a factual basis for Karnes's personal involvement under either theory of supervisory liability with respect to all but one of the alleged constitutional deprivations.

   **1. Retaliation**

Quiero alleges that Karnes is liable for Quiero's alleged retaliatory designation to the RHU because "Karnes was aware of and acquiesced to [Quiero] being placed in the RHU, fully aware that [Quiero] was constitutionally protected from retaliation." (Doc. 36, at 1). As a preliminary matter, Quiero provides no factual basis to support his conclusory assertion that Karnes knew of and approved Quiero's transfer to the RHU, so this allegation is "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Moreover, even if true, Quiero's allegation that Karnes was aware of and approved the transfer to RHU does not establish that Karnes knew that Quiero's transfer was carried out for a retaliatory purpose. (Doc. 38, at 9). In order to state a claim for retaliation in violation of the First Amendment, a plaintiff must allege: "(1)

constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). At most, Quiero alleges in conclusory fashion that Karnes knew Quiero suffered an adverse action sufficient to satisfy the second element of a retaliation claim. *See Fantone v. Latini*, 780 F.3d 184, 191-92 (3d Cir. 2015), *as amended* (Mar. 24, 2015) (holding that designation to the RHU may constitute retaliatory conduct sufficient to deter a person of ordinary firmness from exercising his First Amendment rights). However, Quiero provides no basis for the Court to conclude that Karnes was aware that Quiero had recently engaged in constitutionally-protected conduct, so the Court fails to see how Karnes should have known that Quiero's designation to RHU was retaliatory in nature. Accordingly, it is respectfully recommended that Quiero's First Amendment retaliation claim against Karnes be dismissed without prejudice for lack of personal involvement because Quiero fails to plead sufficient factual allegations to establish that Karnes was aware of and acquiesced to his subordinates' alleged constitutional deprivation.

### 2. Due Process

Quiero next claims that Karnes violated his Fourteenth Amendment right to due process by allowing Quiero's continued confinement in the RHU without a hearing. (Doc. 36, at 1). In total, Quiero alleges that he remained in the RHU for approximately two weeks without a hearing, during which time Karnes purportedly ignored or denied Quiero's repeated requests for relief. (Doc. 36, at 1). Furthermore, Quiero contends that his placement in the RHU without a hearing beforehand was done in accordance with a policy that Karnes enforces. (Doc. 36, at 1). In their brief in opposition, Defendants point out the distinction between pre- and post-

deprivation due process violations, then assert that any pre-deprivation claim fails as a matter of law while Quiero's post-deprivation claim fails for lack of sufficient allegations of Karnes's personal involvement in the purported due process violation. (Doc. 38, at 5-7, 8-10).

      a. <u>Pre-Deprivation Due Process</u>

Quiero alleges that "Karnes enforces a policy of pre-hearing detention in the RHU ignoring [a] pre-trial detainee's right to due process prior to placement in a [RHU]." (Doc. 36, at 1). However, as Defendants point out, this claim fails as a matter of law because pre-trial detainees do not have a right to a pre-deprivation hearing before being placed in an RHU. (Doc. 38, at 6). In *Stevenson v. Carroll*, the Third Circuit found that "[a]lthough pretrial detainees . . . have a liberty interest in not being detained indefinitely in the SHU without explanation or review of their confinement," that review "need not occur prior to the transfer of a detainee." 495 F.3d 62, 69, 71 (3d Cir. 2007). Thus, it is respectfully recommended that Quiero's pre-deprivation due process claim on the basis of Karnes's alleged policy of placing pre-trial detainees in the RHU before they are afforded a hearing be dismissed with prejudice for failure to state a claim because detainees are not entitled to a pre-deprivation hearing.

      b. <u>Post-Deprivation Due Process</u>

Quiero also asserts a due process claim on the basis that he was not provided a hearing until nearly two weeks after he was placed in the RHU. As noted above, a pre-trial detainee is entitled to "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation" to be provided "within a reasonable time following an inmate's transfer . . . ." *Hewitt v. Helms,* 459 U.S. 460, 476 & n.8 (1983). Defendants, on the other hand, contend that even if a post-deprivation due process violation occurred, Quiero fails to sufficiently allege how Karnes was

9

personally involved. (Doc. 38, at 9-10). Quiero's lone well-pleaded factual allegation specifically against Karnes involving this post-deprivation claim is that "Karnes ignored or refused repeated request[s] by [Quiero] for relief." (Doc. 36, at 1). However, this allegation is not made with the appropriate particularity needed to state a supervisory liability claim against Karnes under a theory of actual knowledge and acquiescence. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). For instance, Quiero does not state what specific relief he requested from Karnes or how Karnes had any basis to know that Quiero had not received a hearing. Accordingly, it is respectfully recommended that Quiero's post-deprivation due process claim against Karnes be dismissed without prejudice for lack of personal involvement.

### 3. Free Exercise of Religion

In his final claim, Quiero alleges that Karnes violated his First Amendment right to freely exercise his sincerely-held religious beliefs by "institut[ing] a policy . . . that prohibited [Quiero] from practicing his faith while in the RHU." (Doc. 36, at 1). More specifically, Quiero claims that this policy denied him access to bible studies, church services, and chaplains. (Doc. 36, at 1). Further, Quiero asserts that Karnes's policy "serve[s] no legitimate penal or governmental purpose." (Doc. 36, at 1). "[L]iability under § 1983 may be imposed on an official with final policymaking authority if that official establishes an unconstitutional policy that, when implemented, injures a plaintiff." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015). Federal courts weigh the following four factors in determining whether a prison regulation impermissibly restricts the exercise of religion: (1) whether there exists a "valid, rational connection between the prison regulation and [a] legitimate governmental interest;" (2) "whether [the inmates or detainees have] alternative means of exercising" the religious practice; (3) whether accommodating the religious practice would adversely affect

corrections officers and other inmates and detainees; and (4) whether an alternative to the restriction exists "that fully accommodates the prisoner's rights at *de minimus* cost to valid penological interests . . . ." *Turner v. Safley*, 482 U.S. 78, 91 (1987). At this time, the Court is unable to determine whether the policy allegedly promulgated by Karnes regarding access to religious services, resources, and materials in the RHU runs afoul of the *Turner* test. *See Brothers v. Lawrence Cnty. Prison Bd.*, No. CIV.A. 06-1285, 2008 WL 146828, at *5 & n.7 (W.D. Pa. Jan. 14, 2008) ("[S]uch a multi-factored fact-intensive test as *Turner*'s does not generally lend itself to being addressed in the context of a motion to dismiss . . . ."). Indeed, Defendants raised no specific challenges to Quiero's First Amendment free exercise claim against Karnes in their motion to dismiss the amended complaint. (Doc. 38). Accordingly, the Court recommends that Quiero be allowed to proceed with his First Amendment free exercise claim against Karnes.

    C. <u>Quiero May Not Seek A Specific Sum Of Damages</u>

In addition to challenging the basis for several of his claims, Defendants contend that Quiero's request for the specific sum of $450,000 in damages is also improper. (Doc. 38, at 7). As noted by Defendants, Local Rule 8.1 provides that "[t]he demand for judgment required in any pleading in any civil action . . . may set forth generally that the party claiming damages is entitled to monetary relief but *shall not claim any specific sum* where unliquidated damages are involved." (emphasis added). In his brief in opposition to the motion to dismiss, Quiero concedes that his request of a specific sum was improper and "asks he be allowed to amend that portion of the [amended] complaint to request an unspecified amount of monetary damages . . . ." (Doc. 39, at 3). Accordingly, this Court recommends striking the specific dollar amount in Quiero's claim for damages without prejudice to Quiero's ability to argue for any appropriate amount of damages supported by the evidence at trial.

### IV. LEAVE TO AMEND

The Court recognizes that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before a § 1983 claim is dismissed permanently, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). As such, it is recommended that Quiero be given the opportunity to file a second amended complaint that is complete in all respects. The proposed second amended complaint must be a pleading that **stands by itself without reference to Quiero's previous complaints**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Further, it must be "**simple, concise, and direct**" as required by Rule 8(d)(1). (emphasis added). The pleading must also contain "a short plain statement" detailing the specific factual allegations as to why Quiero is entitled to relief with respect to each claim. Fed. R. Civ. P. 8(a)(2).

Defendants note that Quiero appears to have inadvertently abandoned several claims against Ott that he asserted in his initial pleading because, as a matter of law, an amended complaint takes the place of the original complaint and renders the initial complaint a nullity. (Doc. 40, at 1-2; Doc. 43, at 1); *see also* 6 Charles Alan Wright et al., Federal Practice & Prococedure § 1476 (2d ed. 1990) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). Nonetheless, the Court finds that granting Quiero leave to reassert his remaining claims from the original complaint against Ott would be consistent with Rule 15's core principle that leave to amend should be freely given when justice so requires, as Quiero appears to have been confused rather than acting in bad faith, and allowing him to file a second amended complaint would not be prejudicial to Defendants. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or

circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). This approach would also grant Quiero a final opportunity to correct the pleading deficiencies discussed above with respect to his supervisory liability claims against Karnes for retaliation under the First Amendment and for a post-deprivation denial of due process under the Fourteenth Amendment. The Court does not recommend granting Quiero leave to reassert his pre-deprivation denial of due process claim against Karnes, however, as this claim would be futile because pre-trial detainees have no constitutional right to a hearing before being placed in an RHU. Otherwise, Quiero may include any remaining causes of action that he wishes to pursue, but **any previously-asserted claims that Quiero omits from the forthcoming second amended complaint will be deemed abandoned**.

V. **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Defendants' motion to dismiss (Doc. 37) Quiero's amended complaint be **GRANTED** in part and **DENIED** in part;

2. Quiero's Fourteenth Amendment pre-deprivation denial of due process claim against Defendant Karnes be **DISMISSED with prejudice** for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6);

3. Quiero's First Amendment retaliation and Fourteenth Amendment post-deprivation denial of due process claims against Defendant Karnes be **DISMISSED without prejudice** for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6);

4. Quiero's request for a specific sum of money damages be **STRICKEN** from the claim for damages pursuant to Local Rule 8.1;

5. Defendants' motion to dismiss be **DENIED** as to Quiero's First Amendment free exercise of religion claim against Defendant Karnes;

6. Quiero be given thirty (30) days leave to file a second amended complaint in accordance with the foregoing and

Procedure; and

7. The matter be remanded to the undersigned for further proceedings.

**BY THE COURT:**

**Dated: December 8, 2016**          *s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AVON C. QUIERO, JR.,

        Plaintiff,

v.

OFFICER MUNIZ, et al.,

        Defendants.

CIVIL ACTION NO. 3:14-CV-00225

(CAPUTO, J.)
(MEHALCHICK, M.J.)

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 8, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: December 8, 2016**

                                            *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **United States Magistrate Judge**